IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TURTLE,<br><br>    Plaintiff,<br>v.<br><br>CASTLE RECORDS INCORPORATED, et al., | No. 03-3922 MMC<br><br>**ORDER DENYING COUNTERDEFENDANT'S MOTION FOR SUMMARY ADJUDICATION; VACATING HEARING** |
| JONATHAN RICHMAN,<br><br>    Plaintiff in Intervention<br>v.<br><br>JOEL TURTLE, et al.,<br><br>    Defendants in Intervention | |
| MATTHEW KAUFMAN,<br><br>    Counterclaimant<br>v.<br><br>JONATHAN RICHMAN,<br><br>    Counterdefendant | |

Before the Court is counterdefendant Jonathan Richman's ("Richman") motion for summary adjudication, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to four counterclaims in the Answer to Complaint with Counterclaims ("Counterclaims") filed by Matthew Kaufman ("Kaufman"). Kaufman has filed opposition, to which Richman has

replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for May 20, 2005, and rules as follows.

## BACKGROUND[1]

Richman wrote the words and music to the works "Dignified and Old" and "I'm Straight" prior to 1975. (See Kaufman Decl. at 2:1-2.)

On July 24, 1975, Kaufman and Richman entered into an agreement described therein as an "exclusive publisher/songwriter agreement between Jonathan's Music . . . and Jonathan Richman" ("Agreement"). (See id. Ex. A.) Jonathan's Music (a.k.a. Modern Love Songs) is a partnership between Kaufman and Richman, (see Order Denying Pl. in Intervention's Mot. for Summ. J., filed April 12, 2005, at 3:8-11),[2] and the partnership later changed its name to Modern Love Songs, (see id. at 2:15 - 3:2).

The Agreement, in relevant part, provides as follows: "Richman does hereby irrevocably and absolutely assign to Jonathan's Music each and every and all rights and interests, of every kind to all previous, present or future musical material which is or shall become the subject matter of this agreement." (See Kaufman Decl. Ex. A.)

Richman received royalties for "Dignified and Old" on various dates between April 1, 1998 and December 31, 2003. (See Weiss Decl. Exs. B, C.) Richman also received royalties for "I'm Straight" on various dates between April 1, 1998 and December 31, 2004. (See id.) Richman never revealed to Kaufman that Richman was receiving royalties for "Dignified and Old" and "I'm Straight." (See Kaufman Decl. at 1:12-17.) In "mid June 2003," Kaufman discovered that "Dignified and Old" and "I'm Straight" were included on a "Sanctuary Record Group repackage of [ ] Richman works" and were attributed to a music

---

[1] The following facts are either undisputed or, if disputed, stated in the light most favorable to Kaufman, the non-moving party.

[2] In the Court's prior order, the Court found that Kaufman offered sufficient evidence to establish a triable issue of fact as to whether Modern Love Songs was a partnership between Kaufman and Richman. As noted, for the purposes of the instant motion, all disputed facts are stated in the light most favorable to Kaufman.

publisher other than Modern Love Songs.  (See id. at 1:18-20.)

**DISCUSSION**

Richman argues that the Second through Fifth Counterclaims, all of which arise under state law, are barred by the statute of limitations.[3]

Under California law, a counterclaim relates back to the filing of the original complaint, see Trindade v. Superior Court, 29 Cal. App. 3d 857, 859-60 (1973), which, for purposes of the instant motion, is Richman's Complaint in Intervention.  Richman's pleading was lodged on March 24, 2004 when Richman moved to intervene.  Accordingly, for relation-back purposes, the Counterclaims are treated as having been filed on March 24, 2004.  See, e.g., In re Glacier Bay, 746 F. Supp. 1379, 1389 (D. Alaska 1990) (holding filing date, for purpose of statute of limitations, was date plaintiff lodged proposed amended complaint, not later date when district court granted plaintiff's motion to amend).

The Court next turns to the issue of whether, as of March 24, 2004, the Second through Fifth Claims are time-barred.

**A.  Second Counterclaim (Breach of Contract)**

In the Second Counterclaim, alleging a claim for breach of contract, Kaufman alleges that Richman breached the Agreement by "claiming a 100% ownership interest" in "Dignified and Old" and "I'm Straight," (see Counterclaims ¶ 29), resulting in Kaufman's suffering damages, (see Counterclaims ¶ 31).[4]

A breach of contract claim is subject to a four-year statute of limitations.  See Code Civ. Proc. § 337.  Richman offers evidence that he claimed ownership of "Dignified and Old" in 1975 and that he claimed ownership of "I'm Straight" in 1993.  Richman argues that the breach of contract claims accrued at such times and that, as a consequence, Kaufman's breach of contract claims were time-barred many years before May 24, 2000.

---

[3] Richman does not challenge the First Counterclaim, by which Kaufman seek a declaration as to whether Kaufman or Richman owns certain copyright interests.

[4] Richman does not argue that "Dignified and Old" and "I'm Straight" do not fall within the scope of the works covered by the Agreement.  Accordingly, the Court assumes, without deciding, that such works are covered by the Agreement.

A breach of contract claim accrues when the plaintiff incurs "appreciable harm" as a result of the breach. See April Enterprises, Inc. v. KTTV, 147 Cal. App. 3d 805, 823-24 (1983). Additionally, under the "discovery rule," if breaches of contract are "committed in secret," the claim accrues when the "harm flowing from those breaches [is] reasonably discoverable." See id. at 832. Here, Kaufman offers evidence he incurred appreciable harm when Richman began accepting royalties that, under the Agreement, should have been paid to Modern Love Songs. To the extent such action on the part of Richman occurred before March 24, 2000, however, Kaufman has offered evidence he was unaware of such activity until 2003, thereby establishing a triable issue of fact as to the application of the discovery rule.[5] See id.

Accordingly, Richman is not entitled to summary judgment as to the Second Counterclaim.

**B. Third Counterclaim (Fraud - Intentional Misrepresentation)**

In the Third Counterclaim, Kaufman alleges a claim of fraud by intentional misrepresentation.

A fraud claim is subject to a three-year statute of limitations. See Code Civ. Proc. § 338(d). Under the discovery rule, however, a fraud claim does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud." See id. Richman argues that although Kaufman does not plead when he learned of the fraud, Kaufman must have obtained such knowledge more than three years before March 24, 2001. In opposition, Kaufman argues that he learned of the fraud in 2003.

Although denominated a claim of fraud by intentional misrepresentation, the Third Counterclaim is, in essence, a claim of fraud by promise without intent to perform. Specifically, Kaufman alleges that when Richman executed the Agreement in 1975, Richman "represented that he would assign his copyright renewal in the copyrighted works, which were subject to the [Agreement]," (see Counterclaims ¶ 38), that Richman knew such

---

[5] Indeed, Richman offers no evidence that such claims of ownership were actually communicated to Kaufman.

representation was "false," (see id. ¶ 40), that Kaufman relied on the representation when he provided "consideration," (see id. ¶ 42), and that Kaufman has suffered "damages" as a result of the misrepresentation, (see id. ¶ 43). The Agreement, however, does not provide that Richman "would" assign but rather effectuates an immediate assignment, i.e., the Agreement itself constitutes the assignment. (See Kaufman Decl. Ex. A) ("Richman does hereby . . . assign . . . .") Thus, a claim of fraud by promise without intent to perform cannot be based on a "promise" to assign, such promise having been performed upon execution of the Agreement.

If, however, this Counterclaim is intended to allege a claim based on the ancillary promise not to "furnish or dispose of any musical compositions . . . or rights therein to anyone other than Jonathan's Music," (see id.), a triable issue of fact exists as to when Kaufman learned that Richman did not intend to keep such promise. Specifically, Kaufman offers evidence he was not aware until 2003 that Richman had allowed a music publisher other than Modern Love Songs to make use of musical compositions the rights to which Richman had previously transferred to Modern Love Songs. See Code Civ. Proc. § 338(d) (providing fraud claim does not accrue until discovery of facts constituting fraud).[6]

Accordingly, Richman is not entitled to summary judgment as to the Third Counterclaim.

**C. Fourth Counterclaim (Fraud - Concealment)**

In the Fourth Counterclaim, alleging a claim of fraud by concealment, Kaufman alleges that although "Dignified and Old" and "I'm Straight" fall within the scope of the Agreement, Richman "intentionally concealed these works from [Kaufman]" when Richman executed the Agreement in 1975, thereby causing damage to Kaufman. (See Counterclaims ¶ 47, 49, 54.) In his opposition, Kaufman explains that the damage occurred because Kaufman, being unaware that Modern Love Songs had obtained from Richman the copyright in such works, has not sought to collect royalties thereon.

---

[6]Richman does not argue that Kaufman lacks sufficient evidence to prove Richman entered into the Agreement with the intent not to perform it.

5

In his motion, Richman does not argue that he did not owe a duty to disclose the names of the two subject works. Rather, Richman argues that because Richman obtained a registered copyright for "Dignified and Old" in 1972,[7] Kaufman was on constructive notice of the existence of that work when the Agreement was executed in 1975. With respect to "I'm Straight," Richman argues that because Richman obtained a registered copyright for said work in 1993, (see Counterclaims ¶ 26; Answer ¶ 26), Kaufman was on constructive notice of the existence of that work as of 1992.

As noted, Kaufman offers evidence that he was unaware of "Dignified and Old" and "I'm Straight" until 2003. For the reasons discussed above, such evidence is sufficient to create a triable issue of fact as to application of the discovery rule.

Accordingly, Richman is not entitled to summary judgment as to the Fourth Counterclaim.

**D.  Fifth Counterclaim (Punitive Damages)**

In his Fifth Counterclaim, Kaufman seeks punitive damages on all of the above-referenced counterclaims. (See Counterclaims ¶ 57.)

Punitive damages are not available as a remedy on Kaufman's breach of contract claim, but are available as a remedy on Kaufman's fraud claims. See Code Civ. Proc. § 3294(a) ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of . . . fraud, . . . the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant").

As discussed above, Kaufman has established a triable issue of fact with respect to his Third and the Fourth Counterclaims. Accordingly, Richman is not entitled to summary judgment as to the Fifth Counterclaim.

//

---

[7] The Court GRANTS both parties' requests that the Court take judicial notice of the fact Richman obtained a copyright for "Dignified and Old" in 1972. (See Richman's Req. for Jud. Notice, filed April 15, 2005; Weiss Decl., filed May 1, 2005, at 1:14-16 and Ex. E.)

6

**CONCLUSION**

For the reasons discussed above, Richman's motion for summary adjudication is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 17, 2005                           /s/ Maxine M. Chesney
                                              MAXINE M. CHESNEY
                                              United States District Judge