United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TURTLE, et al., | No. C-03-3922 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND SECOND AMENDED COMPLAINT; VACATING HEARING** |
| v. | |
| SANCTUARY RECORDS GROUP, INC., et al., | |
| Defendants / | |

    Before the Court is the motion, filed July 25, 2005 by plaintiffs Joel Turtle and Matthew Kaufman pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a proposed Third Amended Complaint ("TAC").[1]  Defendants Sanctuary Records Group, Inc., BMG Distribution, 5.1 Label Group, LLC, Sanctuary Records Group Ltd., and Sanctuary Group, PLC have filed opposition, to which plaintiffs have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for September 9, 2005, and rules as follows.

    By the instant motion, plaintiffs seek to amend in three respects.  First, plaintiffs seek to add a claim that three existing defendants, specifically, 5.1 Label Group, LLC, 5.1

---

[1] The proposed TAC is attached as Exhibit Q to the Declaration of William E. Weiss, filed July 25, 2005.

Entertainment Group, LLC, and Silverline Records (collectively, "5.1 Defendants"), have interfered with plaintiffs' prospective economic advantage with third party EMI Canada. (See Pls.' P. & A. in Support of Mot. at 2:7-10; Proposed TAC at 11:8-13).[2]  Second, plaintiffs seek to add two new defendants, specifically, BMG Direct and Columbia House. (See Proposed TAC ¶¶ 11, 12.)  Third, plaintiffs seek to add an allegation that existing defendant Sanctuary Records Group Inc. ("Sanctuary Inc.") has sold certain infringing products "via online sale." (See Pls.' P. & A. in Support of Mot., filed July 25, 2005, at 2:10-13; Proposed TAC at 5:9.)[3]

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Once a district court has set a deadline to file a motion to amend, however, a plaintiff's "ability to amend his complaint [is] governed by Rule 16(b), not Rule 15(a)." See Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 607-08 (9th Cir. 1992). "Good cause," for the purposes of Rule 16(b), focuses on "the diligence of the party seeking the amendment." See id. at 609.

On September 13, 2004, following a case management conference conducted on September 10, 2004, the Court issued its Pretrial Preparation Order and included therein the following orders:  "Plaintiff to file any motion to amend no later than October 29, 2004. Plaintiff to file motion to add additional parties no later than December 3, 2004." (See Pretrial Preparation Order, filed September 13, 2004, at 2.)  Although plaintiffs timely filed, on October 29, 2004, a motion to file a proposed Second Amended Complaint, which motion was granted, the instant motion was not filed until July 25, 2005, well beyond the deadlines set by the Court. Consequently, plaintiffs must show "good cause" to modify the deadline.

---

[2] The Court notes, however, that the proposed TAC does not name Silverline Records as a party to plaintiff's claim for interference with prospective economic advantage.

[3] The Court notes, however, that although plaintiffs' motion indicates that the "online" allegation is made only as to Sanctuary Inc., the proposed TAC alleges that all "Defendants" have sold infringing products online.

2

1 With respect to plaintiffs' request to add the claim that the 5.1 Defendants have interfered with plaintiffs' relationship with EMI Canada, the Court finds that plaintiffs have failed to show good cause to modify the October 29, 2004 deadline to amend.  Defendants assert that, according to evidence plaintiffs have submitted, plaintiffs knew of the basis for this claim in January 2003, because they knew then that their relationship with EMI Canada had been disrupted, (see Weiss Decl. Ex. F), and plaintiff knew before January 2003 of the 5.1 Defendants' conduct now claimed to constitute interference, (see id. Ex. M).  In reply, plaintiffs fail to respond to these assertions, and, more importantly, fail to articulate any reason why they did not move to amend this claim within the prior deadline set by the Court.[4]  Further, given that the deadline to complete fact discovery is September 23, 2005, and that discovery would, at a minimum, need to be taken from a third party in addition to the parties to the new claim, it is readily apparent that allowing amendment to include such new claim would inevitably lead to delays in the pretrial schedule and trial schedule.

With respect to plaintiffs' request to add two new defendants, the Court again finds that plaintiffs have failed to show good cause to modify the previously set deadline, which, with respect to adding a new party, was December 3, 2004.  According to plaintiffs, they learned of the alleged wrongful conduct by BMG Direct in February 2005, (see Pls.' P. & A. in Support of Mot. at 3:25), and first learned of the alleged wrongful conduct by Columbia House in "early 2005," (see id. at 4:1).  Given plaintiffs' representation that they obtained such knowledge after December 3, 2004, plaintiffs have explained why they could not have sought to add such parties before that date.  Plaintiffs fail, however, to explain why they waited five months, in the case of BMG Direct, and an unspecified number of months, in the case of Columbia House, to seek to add such parties to the instant action.  Consequently, plaintiffs have not shown they acted diligently in seeking to add the proposed new parties.  Further, at this stage of the proceedings, with trial scheduled for early March 2006, it is virtual certainty that the pretrial and trial schedule could not be

---

[4] Plaintiffs argue that they seek to avoid filing a new complaint against the 5.1 Defendants.  Such argument, however, bear on their lack of diligence.

3

accommodated in the event that two new parties were to be added to the action.[5]

Finally, with respect to plaintiffs' request to add an allegation that Sanctuary Inc. has sold infringing products online, the Court finds that plaintiffs, having asserted they first learned of such activity in June 2005 and having moved within the following month for leave to allege such activity as part of the instant action, have acted diligently.  Indeed, defendants do not argue that plaintiffs have not been diligent in moving for such relief. Moreover, given that plaintiffs have already alleged a claim of infringement against Sanctuary Inc. involving the recordings at issue, and, further, that Sanctuary Inc. "continue[s] to distribute, promote, sell, market and use [p]laintiffs' copyrighted works," (see SAC ¶ 27), it does not appear that Sanctuary Inc. would suffer any prejudice should such amendment be allowed.  Accordingly, the Court will afford plaintiffs leave to file a TAC that, in addition to the allegations set forth in the SAC, includes an allegation that Sanctuary Inc. has sold infringing products online.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to amend is hereby GRANTED in part and DENIED in part.  Specifically, plaintiffs are afforded leave to file a TAC that, in addition to the allegations set forth in the SAC, includes an allegation that Sanctuary Inc. has sold infringing products online.  In all other respects, the motion is hereby DENIED. Plaintiffs' TAC shall be filed no later than September 12, 2005.

**IT IS SO ORDERED.**

Dated:  September 6, 2005

MAXINE M. CHESNEY
United States District Judge

---

[5]For example, the deadline for filing a dispositive motion is December 9, 2005; substantial pretrial filings are due in early February.