IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TURTLE, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>SANCTUARY RECORDS GROUP, INC., et al.,<br><br>    Defendants | No. C-03-3922 MMC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; SETTING FURTHER BRIEFING SCHEDULE; VACATING HEARING** |

    Before the Court is the motion for summary judgment, filed August 1, 2005, by plaintiffs Joel Turtle and Matthew Kaufman pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants Sanctuary Records Group, Inc. ("Sanctuary, Inc."), BMG Distribution ("BMG"), 5.1 Label Group, LLC ("5.1 Label Group"), Sanctuary Records Group Ltd. ("Sanctuary Ltd."), and Sanctuary Group, PLC, have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for September 16, 2005, and rules as follows.

    In their notice of motion, plaintiffs seek summary adjudication as to the following three issues: (1) whether Sanctuary, Inc. and BMG are liable for copyright infringement; (2) whether Sanctuary, Inc. and BMG are liable for willful copyright infringement; and (3) whether Sanctuary, Inc. is liable for interference with plaintiffs' prospective economic

advantage. (See Pls.' Notice of Mot., filed August 1, 2005, at 2:6-11.)[1]

**A. Copyright Infringement**

In support of their motion, plaintiffs submit certificates of copyright registration for 52 musical compositions, (see Turtle Decl., filed August 1, 2005, Ex. X), as well as evidence that Sanctuary, Inc. and BMG have manufactured and/or distributed "CD-Audio Works" containing recordings of those 52 musical compositions, (see id. Exs. E, R; Weiss Decl., August 1, 2005, Ex. A, first two unnumbered pages). Consequently, plaintiffs, as to the above-referenced 52 musical compositions, are entitled to summary adjudication as to the issue of liability with respect to Sanctuary, Inc. and BMG, unless defendants can establish the existence of a triable issue of fact. See Three Boys Music Corp. v. Bolton, 212 F. 3d 477, 481 (9th Cir. 2000), cert. denied, 531 U.S. 1126 (2001) (holding elements of claim for copyright infringement are ownership of copyright and defendant's use of copyrighted work).

Defendants first argue, in reliance on an agreement between Beserkley Audio and Video, Inc. ("Beserkley") and Castle Communications Plc ("Castle"), a predecessor of defendant Sanctuary Ltd., (see Amended Answer of Defs. Sanctuary Records Group Ltd. and the Sanctuary Group, Plc., filed April 15, 2005, Ex. 1; see also Mason Decl., filed August 26, 2005, Ex. 4 at 17), that defendants received an implied license to use the musical compositions at issue. This argument is untenable for two reasons. First, because plaintiffs are not parties to that agreement and there is no showing Beserkley held the copyrights in the musical compositions at issue, defendants have not shown how Beserkley could have, implicitly or otherwise, issued anyone a license to use such copyrights. Second, the agreement on which defendants rely specifically states that a license to use the musical compositions "will be available" to Castle from the "publishers of the original

---

[1] The Court, by order filed August 16, 2005, has denied without prejudice plaintiffs' motion to the extent plaintiffs sought summary adjudication as to infringement based on "online" sales and as to the claim that 5.1 Label Group interfered with plaintiffs' prospective economic advantage. (See Order, filed August 16, 2005, at 2.) Consequently, the Court does not further address such claims herein.

musical compositions," i.e., plaintiffs.  (See Amended Answer of Defs. Sanctuary Ltd., filed April 15, 2005, Ex. 1 at ¶¶ 4.15, 4.16.)  In other words, the agreement explicitly advised Castle that it would need to take steps to obtain a license to use the musical compositions.[2]

Defendants next argue, with respect to copyrights issued to Jonathan's Music and/or Modern Love Songs, that plaintiffs lack standing to raise a claim for infringement.[3]  In particular, defendants have offered evidence to support a finding that those two entities are "dbas" for Jonathan Richman ("Richman"), who is not a plaintiff.  (See Mason Decl., filed August 26, 2005, Ex. 3 at 102:18 - 103:2; 105:12-14, 143:22 - 144:12.)  Plaintiffs' evidence, offered in support of plaintiffs' standing, (see Kaufman Decl., filed October 1, 2005, ¶ 2; Turtle Decl. ¶ 11), is both conclusory in nature and ambiguous.  The Court, however, will afford plaintiffs the opportunity to clarify the nature of the terms of the settlement they reportedly reached with Richman, specifically, to clarify whether the terms of the settlement establish that, as a matter of law, plaintiffs have standing to assert an infringement claim based on copyrights issued to Jonathan's Music and Modern Love Songs.

Accordingly, the Court finds plaintiffs are entitled to summary adjudication as to the issue of liability as against Sanctuary, Inc. and BMG, with respect to the copyrights in musical compositions at issue, with the exception of those issued to Jonathan's Music and Modern Love Songs.  As to copyrights issued to Jonathan's Music and Modern Love

---

[2] Defendants, in the alternative, seek a continuance, on the ground defendants "anticipate" that plaintiffs, in responding to "discovery requests," will provide "evidence concerning" the defense of implied license.  (See Defs.' Opp., filed August 26, 2005, at 13:16-18.)  Defendants, however, fail to set forth any specific evidence they believe they are likely to receive that would shed any light on the defense of implied license. Consequently, defendants have failed to show any basis to continue the motion as it pertains to the issue of copyright infringement.

[3] Although defendants fail to identify the specific copyrights issued to Jonathan's Music or Modern Love Songs, plaintiffs have offered evidence that 24 of the compositions are so issued, specifically, "Government Center," "Old World," "Astral Plane," "Someone I Care About," "Back in Your Life," "Dodge-Veg-o-Matic," "Egyptian Reggae," "Girl Friend," "Hospital," "I'm a Little Airplane," "I'm Nature's Mosquito," "Ice Cream Man," "Modern World," "The Morning of our Lives," "My Little Kookenhaken," "My Love is a Flower (Just Beginning to Bloom)," "New England," "Pablo Picasso," "Party in the Woods Tonight," "Roadrunner," "Rockin' Rockin' Leprechauns," "Rockin' Shopping Center," "Rollercoaster by the Sea," and "She Cracked."  (See Turtle Decl Ex. X.)

Songs, the Court will set a further briefing schedule with regard to the issue of standing.

**B.  Willful Infringement**

"Willful," for purposes of the Copyright Act, has been defined as "knowledge that the defendants' conduct constituted an act of infringement."  See Peer Int'l Corp. v. Pausa Records, Inc., 909 F. 2d 1332, 1335 and n. 3 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991).

At the outset, because the Court will defer ruling on the issue of plaintiffs' standing to assert claims based on copyrights issued to Jonathan's Music and Modern Love Songs, the Court does not at this time consider whether there exists a triable issue of fact with respect to willful infringement of such copyrights.  Should the Court determine plaintiffs have standing, the Court will address, with respect to willfulness, the sufficiency of defendants' evidence concerning Richman's assertion of ownership.  (See Mason Decl. Ex. 1.)

The Court next considers plaintiffs' evidence to the extent such evidence pertains to the other copyrights at issue herein.  Plaintiffs offer evidence that Sanctuary, Inc. knew, at least as of March 14, 2003, that plaintiffs held the copyrights to the musical compositions at issue, (see Turtle Decl. Ex. E),[4] and that BMG was advised on July 31, 2003, that plaintiffs held the copyrights at issue, (see id. Ex. AA).  In opposition, defendants argue that the evidence offered by plaintiffs is insufficient to establish willfulness, as a matter of law, for two reasons.

First, defendants reiterate their argument that a triable issue exists with respect to the defense of implied license.  As discussed above, however, defendants have failed to show the existence of such triable issue.  Further, defendants fail to offer any evidence to support a finding that they believed, let alone reasonably believed in good faith, that they had obtained an implied license.  Cf. Peer Int'l Corp., 909 F. 2d at 1336 ("To refute evidence of willful infringement, [the defendant] must not only establish its good faith belief

---

[4] Plaintiffs offer other evidence that plaintiffs assert supports a finding of willful infringement, e.g., Sanctuary, Inc.'s admission in its answer that it does not hold the copyrights at issue.  None of the cited evidence, however, supports a finding that Sanctuary, Inc. was aware plaintiffs held the copyrights prior to March 14, 2003.

4

in the innocence of its conduct, it must also show that it was reasonable in holding such a belief."). Consequently, defendants have failed to demonstrate how the defense of implied license is applicable to plaintiffs' claim of willful infringement.

Second, defendants rely on evidence, submitted by plaintiffs, showing that in March 2003, Sanctuary, Inc. asked plaintiffs to grant Sanctuary, Inc. a license to use the copyrighted compositions, and that plaintiffs refused. (See Turtle Decl. Ex. E, F.) Defendants argue that because plaintiffs had "no discretion" to refuse Sanctuary, Inc.'s offer, plaintiffs cannot "profit from their own wrong." (See Defs.' Opp. at 6:13-16.) Defendants, however, offer no authority or evidence to support a finding that plaintiffs lacked "discretion" to refuse Sanctuary, Inc.'s offer. Further, Sanctuary, Inc. had the right to obtain a statutory license without the need of plaintiffs' consent, see Peer Int'l Corp., 909 F. 2d at 1337 (citing 17 U.S.C. § 115(a)-(b)), and, consequently, plaintiffs' refusal to grant Sanctuary, Inc. a negotiated license is insufficient to create a triable issue as to whether Sanctuary, Inc. engaged in willful infringement.[5]

Accordingly, plaintiffs are entitled to summary adjudication of the issue of willful infringement against Sanctuary, Inc. as to acts of infringement occurring on or after March 14, 2003, and against BMG as to acts of infringement occurring on or after July 31, 2003, in each instance with respect to the copyrights in musical compositions at issue other than those held by Jonathan's Music and Modern Love Songs. As to copyrights held by Jonathan's Music and Modern Love Songs, the Court, as discussed above, will set a further briefing schedule to determine whether the issue of standing can be summarily adjudicated.

**C. Interference with Prospective Economic Advantage**

In order to establish a claim of interference with prospective economic advantage, the plaintiff must demonstrate, inter alia, an economic relationship between the plaintiff and a third party, and that the defendant engaged in "intentional acts . . . designed to disrupt the

---

[5] If, however, as Sanctuary, Inc. alleges in its counterclaim, it can establish that plaintiffs acted with the intent to disrupt one of Sanctuary, Inc.'s contractual relationships when they refused to issue a license, any damages Sanctuary, Inc. can establish could be available as an offset.

relationship." See Blank v. Kirwan, 39 Cal. 3d 311, 330 (1985).

Here, with respect to plaintiffs' relationships with Silverline Records Inc. ("Silverline") and 5.1 Entertainment Group, LLC ("5.1 Entertainment"), plaintiffs offer evidence that they terminated licenses previously granted to those two entities after the licensees failed to pay royalties due plaintiffs under the terms of their licensing agreements. (See Turtle Decl. Ex. M.) Plaintiffs also offer evidence that, in plaintiffs' view, supports a finding that Sanctuary, Inc.'s recordings do not properly credit plaintiffs as the holders of copyrights in musical compositions. (See Weiss Decl. Exs. C, D.) Plaintiffs, relying on such evidence, advance the theory that the decision by Silverline and 5.1 Entertainment not to pay royalties was the result of Sanctuary, Inc.'s having assertedly misidentified the copyright holder. Plaintiffs fail, however, to offer evidence to support their theory, specifically, any evidence that the licensees' failure to pay royalties was causally linked to the information disclosed on Sanctuary, Inc.'s recordings, or that any act taken by Sanctuary, Inc. was committed with the intent to disrupt plaintiffs' licensing agreements with Silverline and 5.1 Entertainment.[6]

Accordingly, plaintiffs have not shown they are entitled to summary adjudication as to the issue of Sanctuary, Inc.'s liability on plaintiffs' claim for interference with prospective economic advantage.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment is hereby GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

1. Plaintiffs are entitled to summary adjudication as to the issue of liability on plaintiffs' claim of copyright infringement against Sanctuary, Inc. and BMG, with respect to copyrights in the musical compositions at issue herein, other than those issued to Jonathan's Music and Modern Love Songs.

2. Plaintiffs are entitled to summary adjudication as to the issue of willful copyright

---

[6] In light of this finding, the Court does not reach defendants' alternative arguments addressing this issue, including whether defendants are entitled to a continuance to take additional discovery as to this claim.

infringement against Sanctuary, Inc., as of March 14, 2003, and against BMG, as of July 31, 2003, with respect to acts of infringement of the copyrights in musical compositions at issue herein, other than those issued to Jonathan's Music and Modern Love Songs.

3. The issues of whether Sanctuary, Inc. and BMG have infringed the copyrights issued to Jonathan's Music and Modern Love Songs, and, if so, whether any such infringement was willful, are hereby DEFERRED, in order to afford the parties the opportunity to further address whether plaintiffs can establish, as a matter of law, their standing to assert such claims. In that respect, the Court sets the following schedule:

    a. Plaintiffs may file, no later than October 3, 2005, a supplemental memorandum not to exceed ten pages, exclusive of exhibits, setting forth the terms of their settlement with Richman and/or any additional evidence in support of their claim of standing;

    b. Defendants may file, no later than October 17, 2005, a responsive supplemental memorandum not to exceed ten pages, exclusive of exhibits; and

    c. As of October 17, 2005, the Court will take the matter under submission.[7]

4. In all other respects, plaintiffs' motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 20, 2005

                                     MAXINE M. CHESNEY
                                     United States District Judge

---

[7] If upon review of the supplemental memoranda, the Court is of the view that oral argument is necessary, the Court will schedule a hearing.