United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TURTLE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SANCTUARY RECORDS GROUP, INC., et al.,<br><br>    Defendants | No. C-03-3922 MMC<br><br>**ORDER DENYING DEFERRED PORTIONS OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; DENYING WITHOUT PREJUDICE DEFENDANTS' REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

     By order filed September 20, 2005, the Court granted in part, denied in part, and deferred in part the motion for summary judgment, filed August 1, 2005, by plaintiffs Joel Turtle ("Turtle") and Matthew Kaufman ("Kaufman").  Specifically, the Court deferred ruling on the issues of whether plaintiffs have established, as a matter of law, that defendants Sanctuary Records Group, Inc. ("Sanctuary Inc.") and BMG Distribution ("BMG") infringed the copyrights in musical compositions issued to Jonathan's Music and Modern Love Songs, and, if so, that any such infringement was willful.  Having reviewed the supplemental briefing and evidence filed the parties, the Court hereby rules as follows.

     As discussed in the September 20, 2005 order, defendants have offered evidence to support a finding that Jonathan's Music and Modern Love Songs were "dbas" for Jonathan Richman ("Richman").  (<u>See</u> Mason Decl., filed August 26, 2005, Ex. 3 at 102:18

- 103:2; 105:12-14, 143:22 - 144:12.) Plaintiffs argue that, in spite of any factual dispute as to the ownership of Jonathan's Music and Modern Love Songs, plaintiffs have standing, as a matter of law, to assert the claims set forth in this action because of a provision contained in a document titled Agreement for Settlement and Mutual Release, and executed by Turtle, Kaufman, and Richman. (See Weiss Decl., filed October 3, 2005, Ex. B.) Specifically, plaintiffs rely on the following provision in said agreement:

> For the purposes of the Underlying Action[1] only, the MLS Parties[2] shall control one hundred percent (100%) of the compositions that are involved in the Underlying Action, including the copyrights and renewals thereto. It is the intent of the parties that the MLS Parties shall have the exclusive right to represent the compositions involved in the Underlying Action in the Underlying Action.

(See Weiss Decl., filed October 3, 2005, Ex. B at 8.)

Defendants, relying on Silvers v. Sony Pictures Entertainment, Inc., 402 F. 3d 881 (9th Cir.), cert. denied, 126 S. Ct. 367 (2005), argue that such provision is, under the Copyright Act of 1976, insufficient to afford plaintiffs standing in the event a trier of fact finds Jonathan's Music and Modern Love Songs were "dbas" for Richman.

As the Court stated in a prior order, the copyrights issued to Jonathan's Music and Modern Love Songs were issued before 1978, and, consequently, the Copyright Act of 1909 provides the applicable law. (See Order Denying Pl. in Intervention's Mot. for Summ. J., filed April 12, 2005, at 3:26-28, citing Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 206 F. 3d 1322, 1325 (9th Cir. 2000) ("Because all of the copied works were created before 1978, the Copyright Act of 1909 governs the validity of the initial copyrights.").) Consequently, the precise holding of Silvers, specifically, that under the Copyright Act of 1976, "an assignee who holds an accrued claim for copyright infringement, but has no legal or beneficial interest in the copyright itself" lacks standing to institute an action for infringement, see Silvers, 402 F. 3d at 883, is inapplicable to the instant action.

---

[1] The "Underlying Action" is a reference to the claims brought by Turtle and Kaufman against defendants in the instant lawsuit. (See id. Ex. B at 2.)

[2] The "MLS Parties" are Turtle and Kaufman. (See id. Ex. B at 1.)

Nevertheless, in resolving the question presented therein, the Ninth Circuit in Silvers looked to cases decided under the Copyright Act of 1909. See id. at 886. Specifically, as the Ninth Circuit explained, under the Copyright Act of 1909, "an assignee who holds an accrued claim for copyright infringement, but has no legal or beneficial interest in the copyright interest" lacks standing to institute an action for copyright infringement. See id. This principle of law is discussed in greater detail in Gardner v. Nike, 279 F. 3d 774 (9th Cir. 2002), which, in referencing the "doctrine of indivisibility" applicable to the Copyright Act of 1909, stated:

> Under the doctrine of indivisibility, a copyright owner possessed an indivisible bundle of rights, which were incapable of assignment in parts. Thus, an assignment included the totality of rights commanded by copyright. Anything less than an assignment was considered a license. The purpose of the doctrine was to protect alleged infringers from the harassment of successive law suits. This result was achieved because only the copyright proprietor (which would include an assignee but not a licensee) had standing to bring an infringement action.

See id. at 778 (internal quotations and citations omitted); see also Crown Die & Tool Co. v. NYE Tool & Machine Works, 261 U.S. 24, 39-41 (1923) (holding, in context of claim for patent infringement, plaintiff who received from patent owner "assignment" of right to assert infringement claim against defendant lacked standing; rejecting plaintiff's argument that claim for patent infringement is "chose in action" that may be assigned separate from rights in patent itself).

Here, the above-referenced provision on which plaintiffs rely cannot reasonably be interpreted as an assignment by Richman to plaintiffs of the indivisible bundle of rights arising from the issuance of the copyrights. Indeed, the provision on its face is extremely limited in what interests Richman purports to transfer to Turtle and Kaufman.[3] It necessarily follows that if a trier of fact finds Jonathan's Music and Modern Love Songs

---

[3] In another provision in the settlement agreement, Richman appears to transfer to Kaufman an "undivided fifty percent (50%)" of Richman's interests in copyrights with respect to six musical compositions. (See, e.g., Weiss Decl. Ex. B at 27.) Because plaintiffs do not rely on such provision in support of the instant motion, the Court does not address its significance, if any, as to the question of Kaufman's standing to assert a copyright infringement claim based on the copyrights in the six musical compositions referenced therein or any other compositions.

3

were "dbas" for Richman, i.e., that Richman personally held the legal and beneficial interests in the copyrights issued to Jonathan's Music and Modern Love Songs, the above-quoted provision on which plaintiffs rely would not suffice to afford plaintiffs standing with respect to a claim of copyright infringement based on infringement of such copyrights. See id.

Consequently, plaintiffs have not demonstrated, as a matter of law, standing to assert copyright infringement claims as to copyrights issued to Jonathan's Music and Modern Love Songs. Accordingly, plaintiffs are not entitled to summary judgment on the issues of whether Sanctuary Inc. and BMG are liable for infringement of such copyrights and whether any such acts of infringement were willful.

Defendants, in their supplemental memorandum, request that the Court consider their supplemental memorandum, "[t]o the extent the Court deems [d]efendants' arguments not within the scope of the reserved issued," as a request for leave to file a motion for reconsideration. (See Freeman Decl., filed October 17, 2005, ¶ 6.) It is unclear from such statement whether defendants seek reconsideration of the September 20, 2005 order even if the Court denies the remaining portions of plaintiffs' motion for summary judgment, and, if so, which specific findings in the September 20, 2005 order defendants seek to have reconsidered. Further, defendants fail to identify a cognizable basis to warrant reconsideration. See Civil L.R. 7-9(b) (providing "moving party must specifically show" existence of or more enumerated reasons to warrant reconsideration). Accordingly, defendants' request for leave to file a motion for reconsideration will be denied, without prejudice to defendants' identifying specific findings for which they seek reconsideration and showing a cognizable basis for reconsideration exists.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiffs' motion for summary judgment, to the extent deferred by order filed September 20, 2005, is hereby DENIED; and

//

4

     2.  Defendants' request for leave to file a motion for reconsideration is hereby DENIED, without prejudice.

**IT IS SO ORDERED.**

Dated:  December 1, 2005

_____<br>
MAXINE M. CHESNEY<br>
United States District Judge