United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOEL TURTLE, et al.,                    No. C-03-3922 MMC

12              Plaintiffs,                   **ORDER GRANTING IN PART AND**
         v.                                   **DENYING IN PART MOTION TO**
13                                            **DISMISS COUNTERCLAIMS; VACATING**
     SANCTUARY RECORDS GROUP, INC., et        **HEARING**
14   al.,

15              Defendants

16   _____/

17        Before the Court is the motion, filed November 9, 2005 by plaintiff/counter-defendant

18   Matthew Kaufman ("Kaufman") pursuant to Rule 12(b)(6) of the Federal Rules of Civil

19   Procedure, to dismiss the Second and Third Counterclaims alleged in the answer and

20   counterclaims ("Answer"), filed October 20, 2005, by defendants.  Defendant/

21   counterclaimant Sanctuary Records Group Limited ("SRGL")[1] has filed opposition,[2] to which

22   Kaufman has replied.  Having read and considered the papers filed in support of and in

23   opposition to the motion, the Court deems the matter appropriate for decision on the

24   _____

25        [1]No other defendant is a party to the counterclaims that are the subject of the instant
     motion.

26        [2]Kaufman argues that SRGL's opposition should not be considered because it was
27   filed on Tuesday, November 29, 2005, rather than Monday, November 28, 2005.  See Fed.
     R. Civ. P. 6(a) (holding where deadline to file falls on court holiday, deadline is extended to
28   following court date).  A review of the docket indicates, however, that the opposition, as
     well as declarations filed in support thereof, were electronically filed and emailed to counsel
     for Kaufman on November 28, 2005.  Accordingly, the opposition is timely.

1   papers, VACATES the hearing scheduled for December 16, 2005, and rules as follows.

2   **A.  Second Counterclaim**

3         In the Second Counterclaim, SRGL alleges a claim of tortious interference with

4   contract.  Specifically, SRGL alleges that in 1993, Beserkley Audio and Video, Inc.

5   ("Beserkley") and SRGL, through a predecessor Castle Communications, Plc.,[3] entered into

6   an agreement titled Assignment of Catalogue of Master Recordings ("Assignment"), under

7   which Beserkley assigned to SRGL "the benefit of all advances against royalties in respect

8   of [certain recordings] . . . to the extent that same remain unrecouped after all royalties

9   arising on the exploitation of [certain recordings] prior to the Assignment Date have been

10   accounted for in full by [Beserkley]."  (See Answer ¶ 78.)  SRGL further alleges that on April

11   18, 1994, Kaufman provided an accounting to SRGL, advising SRGL of the amount of

12   "unrecouped balances remaining for advances . . . which [SRGL] would be entitled to

13   recoup from royalties earned by [certain] artists from the exploitation of their master

14   recordings under the terms of their respective recording agreements."  (See id. ¶ 79.)

15   SRGL alleges that it thereafter "applied royalties" earned by the subject artists "to

16   repayment of their respective advantages as reflected in the April 18, 1994 letter."  (See id.

17   ¶ 80.)  SRGL further alleges that Kaufman, in 2002, "falsely stated" to certain of the artists

18   that the artists had not owed any sums to Beserkley at the time of the assignment and that

19   the balances he had provided to SRGL in 1994 were "false and made up by [Kaufman]."

20   (See id. ¶¶ 81-82.)  As a result, according to SRGL, the artists "made demands on [SRGL]

21   for payments and refused to cooperate in the exploitation of the master recordings of their

22   music which were the subject of the Assignment," (see id. ¶ 83), and that such actions by

23   the artists caused SRGL to be "deprived of income from the exploitation of the master

24   recordings," (see id. ¶ 84).

25         Kaufman argues the Second Counterclaim, for various reasons, is subject to

26   dismissal.

27   _____

28         [3]The Court hereafter will substitute "SRGL" in place of SRGL's predecessor, Castle Communications, Plc.

2

1    First, Kaufman argues that SRGL has failed to allege that Kaufman caused SRGL to

2   be injured, i.e., that Kaufman caused a disruption of a contract to which SRGL is a party.

3   See Quelimane Co. v. Stewart Title Guaranty Co., 19 Cal. 4th 26, 55 (1998) (holding, to

4   state claim for intentional interference with contractual relations, plaintiff must allege

5   defendant's act resulted in "actual breach or disruption" of plaintiff's contractual relationship

6   with third party and that plaintiff was damaged).  SRGL, however, alleges that Beserkley

7   assigned to SRGL certain of Beserkley's contractual rights to receive advances Beserkley

8   made to specified artists, that Kaufman "falsely" advised certain of those artists that they do

9   not owe SRGL any sums under the agreements assigned, and that such artists have

10   refused to allow SRGL to continue to "exploit" the recordings that were the subject of the

11   Assignment, thereby depriving SRGL of income it expected to obtain under the agreements

12   it had been assigned by Beserkley.  The Court cannot say, in light of such allegations, that

13   it is "clear that no relief could be granted under any set of facts that could be proved

14   consistent with the allegations."  See Falkowski v. Imation Corp., 309 F. 3d 1123, 1132 (9th

15   Cir. 2002), as amended, 320 F. 3d 905 (2003) (internal quotation and citation omitted).

16    Second, Kaufman argues that the claim is barred by the two-year statute of

17   limitations applicable under California law to claims for interference with contractual

18   relations.  See Trembath v. Digardi, 43 Cal. App. 3d 834, 836 (1974) (holding two-year

19   statute of limitations applicable to claims for interference with contractual relations).  Such

20   claim accrues no later "than the actual breach of the contract by the party who was

21   wrongfully induced to breach."  See id. at 836.  Dismissal on statute of limitations grounds,

22   however, is appropriate only where the running of the limitations period is "apparent on the

23   face of the complaint."  See Jablon v. Dean Witter & Co., 614 F. 2d 677 (9th Cir. 1980).

24   Here, because SRGL does not allege when the artists allegedly refused to comply with any

25   contractual obligations they owe to SRGL, dismissal on grounds of the statute of limitations

26   //

27   //

28   //

3

1   is not appropriate.[4]  See id.

2       Finally, Kaufman argues that the claim is barred by the defense of laches.  "The

3   defense of laches, however, is not available at law, only in equity."  County of Los Angeles

4   v. City of Alhambra, 27 Cal. 3d 184, 195 (1980); see, e.g., Wells Fargo Bank v. Bank of

5   America, 32 Cal. App. 4th 438, 440 (1995) (holding defense of laches "unavailable in an

6   action at law for damages"; finding defense inapplicable to claim for breach of contract).

7   SRGL's claim for interference with contractual relations is not a claim in equity, and SRGL

8   seeks only damages, not an equitable remedy.

9       Accordingly, Kaufman has not shown that the Second Counterclaim is subject to

10  dismissal.

11  **B.  Third Counterclaim**

12      In the Third Counterclaim, SRGL alleges a claim of fraud, pleaded in the alternative

13  to the Second Counterclaim.  Specifically, SRGL alleges that if Kaufman's 2002 statement

14  to the artists that they did not owe any sums to SRGL was true, then statements Kaufman

15  made in 1992 to SRGL to the effect that "there were balances due from the Beserkley

16  recording artists" were false, and were made to induce SRGL into entering into the

17  Assignment with Beserkley and into an agreement to pay certain royalties to Kaufman.

18  (See Answer ¶¶ 90-92.)

19      Kaufman argues the Third Counterclaim is not pleaded with the specificity required

20  by Rule 9(b).  The Court agrees.

21  //

22  //

23  _____

24      [4]SRGL argues that because the Assignment contains a choice-of-law provision
    stating that English law governs the "performance and construction" of the Assignment, the
25  six-year English statute of limitations applicable to a claim for interference with contract
    governs.  Because Kaufman has not shown that dismissal is appropriate even if the shorter
26  two-year statute under California law applies, the Court need not at this time determine
    which law governs.  Further, the Court observes that SRGL fails to cite any authority for the
27  proposition that a choice-of-law provision in an agreement would govern a tort claim
    alleged against an individual who is not a party to the agreement, and, in any event, the
28  alleged induced breach is not of the Assignment itself, but rather of one or more contracts
    between Beserkley and certain artists.

4

1    Although SRGL sufficiently identifies the statement made by Kaufman,[5] albeit

2    paraphrased, SRGL fails to allege any facts to support a finding that Kaufman's statement

3    was false when made in 1992.  See In re Glenfed, 42 F. 3d 1541, 1548-49 (9th Cir. 1994)

4    (holding plaintiff must set forth "an explanation as to why the [ ] statement was untrue or

5    misleading when made") (emphasis in original).  Although SRGL pleads that Kaufman

6    admitted to certain artists in 2002 that he had "made up" the figures included in a 1994

7    accounting he prepared for SRGL, (see Answer ¶¶ 79, 82, 88), such allegation is

8    insufficient to allege that the statements as to earlier figures he provided to SRGL in 1992

9    likewise were false when made.

10    Accordingly, the Third Counterclaim is subject to dismissal for failure to comply with

11    Rule 9(b).  The Court, however, will afford SRGL an opportunity to cure the deficiency.[6]

12                                        **CONCLUSION**

13    For the reasons set forth above, Kaufman's motion to dismiss is hereby GRANTED

14    in part and DENIED in part, as follows:

15    1.  The Third Counterclaim is hereby DISMISSED, with leave to amend.  A First

16    Amended Answer to the Third Amended Complaint and Counterclaims, if any, shall be filed

17    no later than December 23, 2005.

18    2.  In all other respects, the motion is hereby DENIED.

19    **IT IS SO ORDERED.**

20

21    Dated:  December 13, 2005                    _____

22                                                 MAXINE M. CHESNEY
                                                   United States District Judge

23    _____

24    [5]SRGL alleges the date of the statement as "April 9, 2002."  (See Answer ¶ 89.)  In
its opposition, SRGL asserts such date is a typographical error, and that the correct date is
25    April 9, 1992.

26    [6]Contrary to Kaufman's arguments, amendment will not necessarily be futile on
grounds of the statute of limitations, because the Court cannot find from the face of the
27    pleading that the fraud claim is barred by the applicable three-year statute of limitations
under California law, which limitations period begins to run at the time the fraud is
28    discovered, see Cal. Code Civ. Proc. § 338(d); the amendment will not be futile on grounds
of laches because such defense, as stated above, is inapplicable to legal claims.