IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TURTLE, et al., | No. C-03-3922 MMC |
| Plaintiffs, | **ORDER DENYING PLAINTIFF MATTHEW KAUFMAN'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| SANCTUARY RECORDS GROUP, INC., et al., | |
| Defendants / | |

Before the Court is the motion, filed February 11, 2006, by plaintiff Matthew Kaufman ("Kaufman") for leave to file a motion for reconsideration, pursuant to Civil Local Rule 7-9(b). Specifically, Kaufman seeks reconsideration of the Court's orders of September 20, 2005 and December 1, 2005, to the extent the Court found therein that a triable issue of fact exists as to whether Kaufman has standing to assert copyright infringement claims as to copyrights issued to Jonathan's Music and/or Modern Love Songs (collectively, "MLS").

Kaufman argues he is entitled to file a motion for reconsideration because there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." See Civil L.R. 7-9(b)(3). The Court disagrees.

Kaufman asserts the Court failed to consider that the evidence on which defendants relied, specifically, testimony offered by Jonathan Richman ("Richman") that MLS was a

1  d.b.a. for Richman, had been "discredited" in light of the Court's having earlier denied
2  Richman's motion for summary judgment on the issue of ownership of MLS.  (See Pl.'s
3  Mot., filed February 11, 2006, at 8:1-4.)  Kaufman did not previously raise this argument,
4  and thus the Court could not have failed to consider such argument.  In any event,
5  Richman's motion was denied on the ground that Richman, as the moving party, failed to
6  show it was undisputed that MLS was a d.b.a. for Richman.  Such finding is not
7  inconsistent with the Court's finding that Kaufman, similarly, is unable to show it is
8  undisputed that MLS was a partnership between Kaufman and Richman.[1]

9  Kaufman also asserts the Court failed to consider that Kaufman is a beneficial owner
10 of the copyrights issued to MLS.  This argument, likewise, was not raised by Kaufman, and
11 thus the Court could not have failed to consider such argument.  Moreover, the example of
12 a beneficial owner now offered by Kaufman, specifically, "an author who had parted with
13 legal title to the copyright in exchange for percentage royalties based on sales or license
14 fees," (see id. at 10:18-21), is factually inapplicable to the instant action because Kaufman
15 is not an author.

**CONCLUSION**

17 For the reasons set forth above, Kaufman's motion for leave to file a motion for
18 reconsideration is hereby DENIED.

19 **IT IS SO ORDERED.**

21 Dated: February 15, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] Additionally, Kaufman asserts the Court failed to consider that he has a legal interest in the copyrights for the reason that the settlement agreement between Kaufman and Richman is an agreement "between the two former partners of [MLS] deciding who would sue on behalf of the partnership."  (See id. at 12:9-11.)  Any such argument, however, assumes that MLS was a partnership between Kaufman and Richman, which fact, as noted, is in dispute.

2